# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AUSTIN L. SANDS,

    *Petitioner*,

vs.

SHERYL FOSTER, *et al.*

    *Respondents*.

2:06-cv-00045-RCJ-LRL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's second motion (#15) to reopen the case.

### *Background*

On January 20, 2006, the Court denied petitioner's first application to proceed *in forma pauperis* without prejudice because the application was not on the form required under Local Rule LSR 1-1 and because petitioner had failed to attach a copy of his inmate account statement as required under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. The Court specifically advised petitioner that the inmate store system account materials filed with the application did not satisfy the requirement for an inmate account statement supplied by the NDOC Finance Department. The Court's order further advised that the action would be dismissed without prejudice if petitioner failed to file a properly completed application within thirty days. #4.

1    On February 9, 2006, petitioner filed a second application and again did not attach a
2 copy of his inmate account statement. The only computer printout attached was the inmate
3 store system account material that the Court already had specifically stated was insufficient.
4 #8.
5    By an order and judgment entered on March 7, 2006, the Court accordingly denied the
6 second application and dismissed the matter without prejudice. #10.
7    In a motion stated to be mailed for filing on March 14, 2006, within the ten day time
8 limit for seeking relief under Rule 59, petitioner moved to reopen the case and reconsider the
9 denial of application to proceed *in forma pauperis*. Petitioner's four arguments on the motion
10 sought to challenge the correctness of the Court's prior orders denying his two applications
11 to proceed *in forma pauperis*, maintaining that he had timely filed a proper form with all
12 required attachments and that the Court had erred in holding otherwise. In an order entered
13 on April 11, 2006, the Court considered and rejected each one of the four arguments. ## 13
14 & 14.
15    Petitioner asserts in his presently pending second motion to reopen that he mailed the
16 motion for filing on April 18, 2006. This date is less than ten days after entry of the denial of
17 the first motion to reopen but is well beyond ten days after entry of judgment.
18    In the second motion to reopen, petitioner does not reurge any of the arguments
19 challenging the correctness of the Court's prior orders that he presented in the first motion to
20 reopen and for reconsideration. He thus does not appear to seek reconsideration of the order
21 entered on April 11, 2006, denying the first motion.
22    Petitioner instead seeks to reopen the March 7, 2006, judgment on an entirely different
23 basis. Petitioner acknowledges that his prior *in forma pauperis* applications did not have all
24 of the required attachments, and he maintains that he "was confused [as] to what was
25 missing." He attaches a copy of an inmate account statement and a financial certificate,
26 albeit without a new application to proceed *in forma pauperis*. He requests that the Court
27 vacate the March 7, 2006, judgment and reopen the case now that he has filed these
28 attachments.

### *Discussion*

At the outset, it does not appear that this Court has jurisdiction at this point to grant any relief under Rule 59 of the Federal Rules of Civil Procedure. The second motion to reopen does not seek reconsideration of the denial of the first motion to reopen but instead seeks to vacate the March 7, 2006, judgment on an entirely different basis. That is, rather than continuing to challenge the correctness of the orders denying his applications to proceed *in forma pauperis*, petitioner now acknowledges that his filings were incomplete and belatedly seeks to comply with this Court's pre-judgment order. The second motion to reopen thus is untimely under Rule 59(b), as it was filed more than ten days after entry of the March 7, 2006, judgment. The Court thus does not appear to have any jurisdiction to grant relief under Rule 59. *See,e.g. Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 390 (1st Cir. 1994).

To the extent, if any, that the Court does have such jurisdiction, it finds that petitioner's belated attempt to comply partially with the Court's pre-judgment order after judgment has been entered and has become final does not warrant reopening the judgment. When pauper applications are incomplete, this Court routinely issues orders such as the January 20, 2006, order outlining the deficiency and providing an opportunity for the petitioner to file a new application correcting the deficiency. *Pro se* petitioners routinely demonstrate the capability to correct such a deficiency in a new application. In this case, petitioner instead ignored the clear directive of the Court and re-filed an application with same attachment that the Court already had stated was deficient and without attaching the required inmate account statement. Petitioner has not demonstrated good cause for his failure to comply with the order. If, as it appears from the first motion to reopen, petitioner believed that the January 20, 2006, order was erroneous, he could have filed a motion for reconsideration of the order within the time allowed for filing a second pauper application. He instead simply ignored the directive in the order, challenged the correctness of the order only after a judgment of dismissal had been entered, and then belatedly attempted to partially comply with the Court's order only after his after-the-fact arguments had been rejected and the judgment had become final. The Court does not find that these circumstances warrant relief under Rule 59.

1  For substantially the same reasons, the Court finds that petitioner has not
2  demonstrated a basis for reopening the judgment under any of the provisions of Rule 60(b)
3  and, in particular, has not demonstrated such mistake, inadvertence or excusable neglect as
4  would warrant relief under Rule 60(b)(1).
5  IT THEREFORE IS ORDERED that petitioner's second motion (#15) to reopen the
6  case is DENIED.  This matter is closed.
7  DATED this 28th day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE